Supreme Court

In the Matter of Joseph P. Fingliss.                    No. 2017-238-M.P.

O R D E R

This matter is before the Court pursuant to a petition for reciprocal discipline filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure.  The respondent, Joseph P. Fingliss, was admitted to the practice of law in this state on June 12, 2002.  The respondent was also admitted to the practice of law in the Commonwealth of Massachusetts.

On June 19, 2017, the Supreme Judicial Court of the Commonwealth of Massachusetts entered an order of term suspension suspending the respondent from the practice of law in Massachusetts for one year and one day.  The effective date of that suspension order is July 9, 2017.  A copy of that order was forwarded to Disciplinary Counsel on June 30, 2017.

Rule 14, entitled "Reciprocal discipline," provides in pertinent part:  "(a) Upon notification from any source that a lawyer within the jurisdiction of the [Disciplinary] Board has been disciplined in another jurisdiction, [Disciplinary] Counsel shall obtain a certified copy of the disciplinary order and file it with the court."  On July 10, 2017, Disciplinary Counsel filed a certified copy of the order of discipline with this Court along with his request that we impose reciprocal discipline.

On September 14, 2017, we entered an order directing the respondent to inform this Court within thirty days of any claim he may have that the imposition of reciprocal discipline

1

would be unwarranted. Our order further notified the respondent that his failure to show cause why identical discipline should not be imposed by this Court would result in the entry of an order suspending him from the practice of law in this state. The respondent did not submit a reply to our order.

The facts giving rise to the respondent's suspension from the practice of law in Massachusetts are fully set forth in a stipulation agreed to by the respondent in proceedings before the Massachusetts Board of Bar Overseers. The respondent acknowledged that he had violated multiple rules of professional conduct in his representation of two clients. The relevant facts are as follows.

In the first case, the respondent represented a Massachusetts resident injured at work in the state of Rhode Island. The client received benefits pursuant to Rhode Island's Workers' Compensation Act from his employer. He also had potential claims against other parties liable for his injuries, and his wife also had potential claims of her own for loss of consortium.

The respondent provided incompetent representation regarding both his client's and his client's wife's potential claims. He failed to make a claim for loss of consortium or even advise the client's wife she had a potential claim. He brought a civil action regarding the client's third-party claims in Massachusetts, which lacked jurisdiction to decide those claims. The Massachusetts action was dismissed. The respondent belatedly sought to pursue those claims on his client's behalf in Rhode Island, but those claims were dismissed as time barred pursuant to the applicable statute of limitations.

Additionally, the respondent made material misrepresentations to his client regarding a settlement offer provided by an insurance carrier. He also engaged in a conflict of interest by requiring his client to release him from his own liability to the client as a condition of receiving a

2

settlement, without advising the client he should consult independent counsel prior to signing the release.

In the second matter, the respondent represented the former husband in a child-custody dispute. The ex-wife was represented by her own counsel. During the course of the representation the respondent made unfounded and deliberately false allegations regarding the ex-wife. She and her attorney filed a complaint against the respondent regarding his conduct with the Board of Bar Overseers. The respondent demanded that a withdrawal of the disciplinary complaint be made as a condition of any settlement of the child custody matter. He further threatened to pursue the false allegations against the ex-wife, sue her for defamation, and file a legal malpractice claim against her attorney unless the disciplinary complaint was withdrawn.

We believe that the admitted facts warrant the imposition of discipline in this state. The respondent has not provided us with any claim why identical discipline should not be imposed. Accordingly, the respondent, Joseph P. Fingliss, is hereby suspended from the practice of law in this state for one year and one day, effective immediately.

Justice Goldberg did not participate.


Entered as an Order of this Court this 31st Day of October, 2017.


By Order,


_____/s/_____
Clerk


3

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Joseph P. Fingliss | |
| **Case Number** | No. 2017-238-M.P. | |
| **Date Order Filed** | October 31, 2017 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | N/A- Court Order | |
| **Judicial Officer From Lower Court** | N/A- Court Order | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>David D. Curtin, Esq.<br>Chief Disciplinary Counsel | |
| | For Respondent:<br><br>Joseph P. Fingliss, Pro Se | |